*E-Filed 5/5/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES ALAN BUSH, | No. C 09-0947 RS (PR) |
|     Plaintiff, | **SCHEDULING ORDER;** |
| vs. | **DIRECTING PLAINTIFF TO FILE OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| OFFICER FLORES, et al., | |
|     Defendants. | |

This is a civil rights complaint filed by a *pro se* state prisoner pursuant to 42 U.S.C. § 1983.

Defendants filed a motion for summary judgment on February 2, 2010. (*See* Docket No. 16.) The Court sets the following briefing scheduling regarding plaintiff's filing an opposition to defendants' motion for summary judgment, and defendants' reply. Plaintiff's opposition to the motion for summary judgment shall be filed with the Court and served on defendants **no later than 30 days from the date this order is filed**. The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your

case.

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

The Court reminds plaintiff that defendants have asserted many affirmative defenses in their answer (Docket No. 14), defenses the Court will consider when it rules on defendants' motion for summary judgment. Plaintiff should, then, address in his opposition those affirmative defenses plaintiff deems worthy of a response.

Defendants shall file a reply brief **no later than 15 days after plaintiff's opposition is filed**.

The summary judgment motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

//

//

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: May 5, 2010

_____
RICHARD SEEBORG
United States District Judge